In the Matter of **GRAND JURY INVESTIGATION.**

Misc. No. 5423.

United States District Court, W. D. Pennsylvania.

Memorandum Feb. 7, 1972.

Supplemental Memorandum Feb. 11, 1972.

John Fricano, Department of Justice, Anti-Trust Division, Washington, D. C., for United States.

Ira Millstein, of Weil, Gotshal & Manges, New York City, for defendant.

## MEMORANDUM

MARSH, Chief Judge.

Colin Brown was served with a subpoena duces tecum to produce all documents "prepared or used by you in whole or in part in connection with your duties as an employee of National Gypsum Company, during the period of January 1, 1960 to the date of this subpoena: (a) all appointment books, calendars and diaries * * *." The subpoena was dated January 7, 1972. On February 3, 1972, Mr. Brown moved to quash the subpoena duces tecum "insofar as it commands him to produce 'all appointment books, calendars and diaries' which he has maintained during the period January 1, 1960 to January 7, 1972, on the ground that such appointment books, calendars, and diaries are property personal to himself, and that production of such articles may there-

fore not be required without unlawful encroachment on the privileges and immunities conferred by the Fifth Amendment to the Constitution of the United States."

It appears in substance from an affidavit of David K. Floyd, of counsel for National Gypsum Company (hereinafter the employer corporation), and the admissions of counsel for the movant at the hearing, that the movant kept his desk calendars in a business office supplied by the employer corporation; that no one other than movant and his secretary had access to the desk calendars; that his secretary was paid by the employer corporation; that movant, as Chairman of the Board of Directors, had substantial business engagements and memoranda which he and his secretary noted in these desk calendars; that they also contained a significant number of notations of clearly personal appointments; that the desk calendars were not paid for or provided by the employer corporation but were given to movant by Fortune Magazine; movant was not required by the employer corporation or asked by it to maintain such desk calendars; that they were not used by the employer corporation (other than by movant as Chairman of the Board) in the conduct of its business; that the desk calendars were not filed as part of the employer corporation's record retention program.

■ Although it is strenuously argued that the desk calendars have been at all times in possession of movant, we find as a fact that they have also been in at least the constructive possession of the employer corporation in one of its business offices furnished for the use of movant to do work on its behalf; that the calendars are not in movant's possession in a purely personal capacity as if they were maintained in a room of his home; that in his position as Chairman of the Board, movant could not properly perform his functions and

properly conduct the businss of the employer corporation without some form of calendar or appointment book maintained in the business office which the employer corporation provided for him; and that such calendars are corporate documents used in connection with the functions of the employer corporation and must be produced in response to the subpoena *duces tecum* regardless of whether they are in its possession in general or in the possession of movant.

An appropriate order will be entered denying the motion to quash.

## SUPPLEMENTAL MEMORANDUM

■ At the hearing and after the court orally announced that Colin Brown should produce the desk calendars in response to the subpoena *duces tecum*, counsel for Brown requested an order permitting an immediate appeal pursuant to Title 28 U.S.C. § 1292(b). The court acquiesced. (Tr., pp. 48, 51–52.) No case exactly in point has been brought to our attention, and we think there is substantial ground for difference of opinion on the Fifth Amendment issue. It seems certain that an interlocutory order denying the motion to quash is not final and appealable (Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940)), but, as to this particular grand jury witness and in these particular circumstances, we think a denial of immediate review of this question would render impossible any review whatsoever of the issues raised by the aforesaid motion to quash, since the protections of the Fifth Amendment, which movant asserts to be applicable to the documents in issue, would be irrevocably breached by production prior to such review. Moreover, we think a liberal construction of § 1292(b) is warranted in this case rather than an insistence upon a contempt proceeding to produce a final appealable order. *Cf.* Title 15 U.S.C. § 1314.