UNITED STATES of America and Vincent A. Distazio, Special Agent, Internal Revenue Service, Petitioners,

v.

Vernon F. WALTMAN, President, Waltman Furniture Company, and Waltman Furniture Company, Respondents.

Civ. A. No. 75–502.

United States District Court,
W. D. Pennsylvania.

June 4, 1975.

Thomas Daley, Asst. U.S. Atty., Pittsburgh, Pa., for petitioners.

James C. Larrimer, Pittsburgh, Pa., for respondents.

MEMORANDUM OPINION

ROSENBERG, District Judge.

This matter is before me on a petition presented by Vincent A. DiStazio, as petitioner and Special Agent for the Internal Revenue Service, to enforce his summons requesting certain corporate documents in possession of the respondents, Waltman Furniture Company, Chicora, Pennsylvania, and Vernon F. Waltman, as its president. The president respondent refuses to fully comply with the summons on the basis that a certain document requested is of a personal nature and not a corporate document.

Jurisdiction is conferred by 26 U.S.C. § 7402(b) and § 7402(a) which permits me to enforce such summons if based upon proper grounds.

The summons, Treasury Form 2039, dated January 17, 1975, directed the respondent Vernon F. Waltman, President of the Waltman Furniture Company, to appear by stipulation on February 18th and produce corporate records of the Waltman Furniture Company for the fiscal year 1973, including:

"2) All documents submitted by Vernon Waltman to said company to substantiate expenses including the 1973

Diary maintained by Vernon Waltman in which he records details involving entertainment expenses."

The summons was duly served upon the respondents and they did appear at the required time but refused to give the petitioner the 1973 diary.

The petitioner by oral testimony and a sworn affidavit declares that the 1973 diary is necessary to complete the investigation of the correct federal tax liabilities of the respondent, Waltman Furniture Company. It is contended that the diary would substantiate expenses for entertainment that were deducted by the respondent company.

The president respondent bases his refusal to completely comply with the summons on the grounds that (1) the diary is owned and possessed by the respondent, Vernon F. Waltman, in a personal capacity and the production of such cannot be compelled; and (2) that furnishing the Internal Revenue Service with the diary may tend to be incriminating as protected by the Fifth Amendment of the United States Constitution, and therefore it cannot be compelled.

██ The only issue for my determination is whether or not the diary was strictly of a personal nature for if so, the Internal Revenue Service may not compel its production. The Fifth Amendment privilege against self-incrimination is strictly of a personal nature and does not apply to corporations or documents of a corporate nature. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1943). Therefore, the respondent, as an individual, would have this privilege if the diary was strictly a personal belonging. But if this personal record was mingled with notations of a corporate nature, the document loses the cloak of protection and privilege guaranteed by the Fifth Amendment.

I previously held in United States v. American Radiator & Standard Sanitary Corporation et al., 278 F.Supp. 608 (D.C.Pa.1967) that:

"There is no evidence in any affidavit submitted before me that he was compelled to make personal notations on corporate records, but when he chose to do so, he could not thereby make the corporate records personal. They still remained corporate records. Such records may not by addition of personal notes of employees be made any the less available to the government under circumstances such as these. Accordingly, I find that the documents in question upon which Pierson made personal notations were and are corporate documents. The production of corporate documents by an individual while acting in a representative capacity neither violates his rights under the Fifth Amendment nor confers immunity upon him, even though the documents are personally incriminating. United States v. White, 322 U.S. 694, 699–700, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); Wilson v. United States, 221 U.S. 361, 384–385, 31 S.Ct. 538, 55 L.Ed. 771 (1911); Hale v. Henkel, 201 U.S. 43, 74, 26 S.Ct. 370, 50 L.Ed. 652 (1906)." (at page 616.)

See also: In the Matter of Grand Jury Investigation, 338 F.Supp. 1379 (D.C. Pa.1972).

██ Evidence presented at the hearing in no way disproved that the 1973 diary, summoned for inspection, was corporate in character.

An appropriate order will be entered.

## ORDER OF COURT

And now, to-wit, this 4th day of June 1975, for the reasons set forth in the foregoing Memorandum Opinion, the Petition to Enforce Internal Revenue Summons for the production of the 1973 Diary is hereby granted.