UNITED STATES of America and Vincent A. Distazio, Special Agent, Internal Revenue Service

v.

Vernon F. WALTMAN, President, Waltman Furniture Company, Appellant, and Waltman Furniture Company.

No. 75–1671.

United States Court of Appeals, Third Circuit.

Argued Sept. 18, 1975.

Decided Nov. 7, 1975.

Daniel F. Ross, Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Crombie J. D. Garrett, William A. Whitledge, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellees.

James C. Larrimer, Dougherty, Larrimer & Lee, Pittsburgh, Pa., for appellant.

Before SEITZ, Chief Judge, and ROSENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

This is an appeal from an order of the district court enforcing an Internal Revenue Service Summons directing the respondents, Vernon Waltman, the president of Waltman Furniture Company, and the Company to produce a certain document in furtherance of the Service's investigation of the Company's tax return. It also appears that the individual tax returns of Waltman are being investigated.

The summons, so far as pertinent, requested the production of "all documents submitted by Vernon Waltman [Waltman] to said company to substantiate expenses, including the 1973 diary maintained by Vernon Waltman in which he records details involving entertainment expenses." When Waltman declined to produce the diary the government by its Special Agent filed an enforcement petition supported by the Special Agent's affidavit. Respondents' answer to the petition asserted, as a Fifth Defense, that "enforcement of the summons would require respondent, Vernon F. Waltman to produce his purely personal diary owned and possessed by him; and it would further require testimony as to which the respondent has the constitutional privilege which he has exercised not to give." [sic]

The matter came on for hearing at which time the petitioner, Special Agent, testified in support of the factors required to establish a prima facie case for enforcement of the summons. *See United States v. McCarthy*, 514 F.2d 368 (3d Cir. 1975). In an apparent effort to rebut the government's prima facie case by showing that the diary contained the purely personal records of the individual respondent, the respondents offered testimony of witnesses to the effect that they, rather than the Company, had given the individual respondent a diary each year. The individual respondent did not testify, and the diary was not produced for inspection.

The district court, in ordering production of the 1973 diary, held that the individual respondent failed to sustain his burden of proving as an affirmative defense that the diary was a personal record. We think this case is not so simply resolved.[1]

We note at the outset that the district court's characterization of the respondents' obligation as an affirmative defense was incorrect. We feel that the government's documents established a prima facie case which respondents were obligated to rebut if they wished to prevent enforcement of the summons. This they failed to do.

We now turn to petitioner's theory for enforcement of the summons. Petitioners assert in their brief that the mere maintenance of a diary in which the Company's president recorded details of his entertainment expenses incurred for the Company made the diary a corporate record. Where such a document is not submitted to the corporation, we think this proposition is not free from doubt. However, we find it unnecessary to express an opinion as to the merits of this contention since the summons sought only documents maintained by the individual respondent and *submitted* to the corporation. Consequently, we confine ourselves to the production sought by the summons, i. e., Waltman's 1973 diary of entertainment expenses submitted to the Company.

 Obviously a corporation will require its employees to keep and submit to it adequate records of entertainment expenses incurred by them on behalf of the corporation. Such records are required to substantiate the deduction of these items under Section 274(d) of the Internal Revenue Code of 1954. Under Treasury Regulations § 1.274.5(c)(2)(i), it is provided:

"To meet the 'adequate records' requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record . . . and documentary evidence . . . which, in combination, are sufficient to establish each element of expenditure. . . ."

We therefore believe that to the extent an employee submits expense records to a corporation for the purpose of seeking reimbursement or justifying disbursement of corporate funds, such records become corporate records.

In view of respondent's failure to adduce sufficient testimony rebutting the government's contention that the diary was a corporate record, we would normally affirm the district court without affording the respondents a further opportunity to offer evidence on this issue. However, we think the Fifth Amendment overtones of this case dictate that the individual respondent should be afforded a further opportunity to testify on the issue of whether or not he submitted the 1973 diary to the respondent Company. We say this because presumably he declined to testify fearing that such testimony would constitute a waiver of his Fifth Amendment rights in subsequent proceedings. We think he should not have been forced to confront this dilemma.

The district court was required to determine whether the diary was a corporate record subject to the summons. To discharge this obligation the court needed the relevant facts. *See United States v. Shlom*, 420 F.2d 263 (2d Cir. 1969). Since the testimony of the individual respondent would presumably have been a factor of great significance in making this determination, it was highly desirable to provide him an opportunity to be heard without depriving him of his Fifth Amendment rights.[2] We now address this problem.

1. Because a stay was denied, the diary was produced. However, the case is not moot since if the diary is not a corporate record, the individual respondent is entitled to its return and appropriate suppression of the use of its contents.

2. Of course the Company had no such rights. *See, United States v. White*, 322 U.S. 694, 698, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944).

It is clear that the only testimony of the individual respondent relevant to the allegations of the petition would be that directed to the issue of whether a diary was submitted by him to the Company to substantiate entertainment expenses. This same testimony, however, might possibly subject him to criminal prosecution in the event the contents of the diary proved false. Consequently, we feel that a procedure enabling him to testify on this limited issue without fear of later incrimination should have been provided.

 We therefore conclude under our supervisory power that the district court should have offered the individual respondent the opportunity to testify on this critical issue solely to aid the court in determining whether the diary was a corporate record and with the explicit understanding that such testimony or its fruits could not be used in any other proceeding against the individual respondent. Of course, the respondent must request that his testimony not constitute a waiver of his Fifth Amendment rights and must obtain a favorable ruling on this point if he wishes to avail himself of this opportunity.

We feel that such a procedure will promote the administration of justice by providing parties a full opportunity to present evidence on their property rights claims while, at the same time, protecting their Fifth Amendment rights. Furthermore, we cannot see how this mechanism will interfere with the legitimate investigative functions of the Service.[3]

One additional consideration is worthy of mention—the potential conflict of interest created by counsel's representation of both respondents. While we note that such a conflict might exist under these circumstances, we are not called upon to rule on this matter at the present time.

The order of the district court will be vacated and the matter remanded for further prompt proceedings in accordance with this opinion.

---

3. Such a limitation on the use of evidence is not unknown in the criminal law field. For example, in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Supreme Court held that where the defendant asserted a possessory interest in seized evidence at a suppression hearing, this assertion could not be later used against him at trial.