UNITED STATES of America

v.

**Marvin MANDEL, W. Dale Hess, Harry W. Rodgers, III, William A. Rodgers, Irvin Kovens and Ernest N. Cory.**

Cr. No. 75–0822.

United States District Court,
D. Maryland.

June 24, 1977.

Barnet D. Skolnik, Ron Liebman, Daniel Hurson, Baltimore, Md., Asst. U.S. Attys., for the Government.

Arnold M. Weiner, Baltimore, Md., for Marvin Mandel.

William G. Hundley, Cary Feldman, Washington, D. C., for W. Dale Hess.

Thomas C. Green, William W. Taylor, (Arraignment only), Washington, D. C., for Harry W. Rodgers, III.

Michael E. Marr, Phillip M. Sutley, Susan S. Myerberg, Baltimore, Md., for William A. Rodgers.

Norman P. Ramsey, William F. Gately, Baltimore, Md., for Irvin Kovens.

Charles G. Bernstein, Federal Public Defender, Michael Schatzow, Asst. Federal

Public Defender, Baltimore, Md., William C. Brennan, Jr., Joseph A. DePaul, Richard H. Sothoron, College Park, Md., for Ernest N. Cory, Jr.

James J. Doyle, Jr., John B. Jaske, Baltimore, Md., for the Hearst Corp., the Baltimore News American Division, WBAL–TV Div. and WBAL–Radio Div., amicus curiae.

E. Barrett Prettyman, Jr., Washington, D. C., Hilary D. Caplan, Baltimore, Md., for the Reporters Committee for Freedom of the Press.

Richard W. Kiefer, Dorothy M. Beaman, Baltimore, Md., for Westinghouse Broadcasting Corp., amicus curiae.

Stanford H. Franklin, Mandel, Rocklin, Franklin & Drue, Baltimore, Md., for Irving Weil, The Weil Purchasing Corp., and Weil Brothers Fuel and Heating, Inc.

John J. Ghingher, Jr., Baltimore, Md., for Security Investment Co.

William W. Cahill, Jr., Baltimore, Md., for Weinberg & Green.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge, sitting by designation.

On June 16, 1977, defendant Cory moved to quash a subpoena served by the Government on the custodian of records of his law firm pursuant to Rule 17(c), F.R.Cr.P. A hearing was held in open Court on June 21, 1977 at 8:30 a. m. All parties were notified of the hearing, and Cory, his counsel, his law partner and other interested parties were present. Cory submitted a lengthy brief detailing the grounds of his motion. The Court denied the motion after hearing sworn testimony and arguments of counsel. *See* Tr. 3105–3111A.

At the end of the trial testimony heard on June 23, 1977, counsel for Cory and the Government advised the Court that a dispute existed as to whether Cory should be required to turn over "day-timer" records he maintained while engaged in the practice of law. Cory contended that the documents contain personal entries in addition to information used by the law firm to prepare client billings, and thus are personal documents protected by the 5th Amendment. The Government contended that the documents are partnership property not within the scope of the 5th Amendment. The Court restated its holding that the motion to quash was denied.

Shortly thereafter counsel for Cory and the Government requested a brief meeting with the Court in chambers. At that meeting, the Court agreed to permit counsel to submit decisional authority which they contended would support their respective positions. The authorities have been submitted, and counsel for Cory, in addition, has submitted a motion resisting the Government's request that he be required to turn over Cory's day-timer records.

■ Cory's first contention is that there is an inadequate basis in the record for the Court to conclude that the day-timer records are anything other than his personal records. He requests that a hearing be held to enable him to prove additional facts in support of his position. He suggests that due process requires this much. What Cory overlooks is the fact that, as previously noted, a hearing was held on his motion on June 21, 1977. He had more than adequate notice and a full opportunity to be heard. In view of this and the state of the present record, the Court is of the opinion that a further hearing is neither necessary nor appropriate.

Cory's remaining contention is that the day-timers are not partnership property. Both the Government and counsel for Cory appear to agree that if the day-timer records are partnership property, they are not protected by the 5th Amendment. *See Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974).

The testimony of James Boss, who is Cory's law partner and apparently is the custodian of the law firm's records, shows that the day-timer records were used in the ordinary course of business by employees of the law firm to prepare summaries which

were used to compile client billings. The day-timer forms were paid for out of partnership funds.

Boss further testified that once the summaries were prepared, the day-timer records were returned to Cory. As far as he was concerned, Cory was *then* free to dispose of the day-timer records and "there was no understanding that the firm was going to hold onto them." Tr. 3109.

Boss and the secretaries of the law firm who prepared client billings had access to Cory's day-timer records. Indeed, Boss had access to "anything in the office." *Id.*

After Cory was indicted, Boss delivered, among other things, the day-timer records to Cory's attorney. Since that time that attorney has withdrawn his representation of Cory, and the records apparently are now in the possession of Cory's present counsel.

■ The Supreme Court indicated in *Bellis v. United States, supra,* that whether documents are considered partnership property turns upon state law. 417 U.S. at 98, 94 S.Ct. 2179. The State of Maryland has enacted the Uniform Partnership Act, *Annot. Code Md., Corporations and Associations,* § 9–101 *et seq.* (1975), and the applicable provisions of the Act are controlling herein.

Section 9–202 of the Act provides in pertinent part:

"(a) All property originally brought into the partnership stock or subsequently acquired, by purchase or otherwise on account of the partnership is partnership property.

"(b) Unless the contrary intention appears, property acquired with partnership funds is partnership property."

\* \* \* \* \* \*

As previously indicated, the day-timer forms were purchased for Cory with partnership funds for use in partnership business.

■ Cory contends in his motion that the partners did not intend the records to become partnership property. We do not agree.

It is clear that the day-timer records were prepared by Cory in the ordinary course of the partnership's business. It is equally clear that the partnership placed a substantial limitation on Cory's possession and control of the day-timer records. He could possess or destroy them only *after* they were used by the partnership to prepare billing summaries. Until that time Cory had a duty to render "true and full information of all things affecting the partnership." *Annot. Code Md., Corporations and Associations* § 9–403, and this duty clearly encompasses the day-timer records.

■ It is not axiomatic that the documents are Cory's personal papers simply because he had the right to possess or destroy them *after* they were used for partnership purposes. A partner has a right to possess partnership property for any purpose provided that he has the consent of his partners. *Id.* § 9–502(b)(1). As an agent of the partnership acting within the scope of his authority, *id.* § 9–301(a), he would have been entitled to destroy the documents with the consent of his partners. The fact that this consent was given, either expressly or impliedly, does not alter the fact that the documents are partnership property.

■ It is of further significance that Boss and employees of the partnership had access to Cory's day-timer records. Partners, of course, have complete access to partnership books. *Id.* § 9–402. They have no access, however, to a partner's personal papers. The fact that Boss and others had such access strongly suggests that the documents are partnership books.

■ Cory's final contention is that the day-timer records belong to him because they contain many entries that are purely personal in nature. This precise argument has been considered and rejected by a number of courts in situations quite similar to the facts of this case. *See In re Grand Jury Proceedings,* 349 F.Supp. 417 (N.D.Ohio 1972); *In re Grand Jury Investigation,* 338 F.Supp. 1379 (W.D.Pa.1972); *United States v. American Radiator & Standard Sanitary Corp.,* 278 F.Supp. 608 (W.D.Pa.1967).

For the reasons stated, it is ordered that the motion to quash be, and the same hereby is, denied.

 Counsel for Cory previously indicated that, should the Court deny the motion to quash, he would request an opportunity to appeal the Court's decision before turning over the documents. The Court indicated then, and indicates now, that this decision may be appealed immediately *provided* that such appeal does not delay the ongoing trial. The Government has agreed not to examine or take possession of the documents in question if an appeal is taken until a decision is rendered by the Fourth Circuit Court of Appeals.

The Court is not hesitant to grant counsel's request to perfect a good faith appeal *provided* that there is no misunderstanding that such an appeal is not to delay the present trial. This trial has been delayed many times over the past two years. After months of preparation by the Court and counsel, the retrial has been in progress for over three weeks. The trial transcript now exceeds 4,000 pages. Seven trial days were consumed in the painstaking process of selecting a fair and impartial jury. The jury is now sequestered and will remain sequestered throughout the trial. A delay in these proceedings, however short, would be untenable and contrary to the interests of justice.

Order Accordingly.