**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert MacKEY, Defendant-Appellant.**

No. 81–1190.

United States Court of Appeals, Ninth Circuit.

Decided May 4, 1981.

Filed June 12, 1981.

al to produce documents subpoenaed by the government. MacKey asserted a Fifth Amendment privilege and also argued that the government had not met its burden of showing need and relevancy under Fed.R. Crim.P. 17(c).

We find that the documents subpoenaed are corporate rather than personal in nature and we reject the Fifth Amendment claim. Further, because the documents are relevant and admissible under the facts of this case, they are properly discoverable. The district court's order finding MacKey in contempt is affirmed.

### FACTS

A federal grand jury indicted Beven-Herron, Inc. and a competitor for price-fixing in violation of section 1 of the Sherman Act, 15 U.S.C. § 1. The indictment charged the defendants with conspiring to rig bids and prices in the panelized roofing construction industry in southern California. Robert MacKey, a vice-president and general manager of Beven-Herron, was also named as a defendant for his role in the alleged price-fixing.

Following the indictment and before trial, the government served MacKey with a subpoena under Fed.R.Crim.P. 17(c). It sought production of MacKey's diaries, calendars, and appointment books used in the roofing business he operated. Specifically sought were a Brooks Brothers diary and a desk-type calendar kept by MacKey at his office at Beven-Herron, Inc.

The district court conducted a hearing on the government's motion to compel production. After examining the diary and calendar *in camera*, Judge Pfaelzer ordered MacKey to turn them over. MacKey refused to comply, was held in civil contempt, and this appeal followed.[2] The two items

---

Donald H. Steier, Los Angeles, Cal., for defendant-appellant.

Leon W. Weidman, Kendra, McNally, Los Angeles, Cal., William F. Baxter, Asst. Atty. Gen., John J. Powers, III, Andrea Limmer, Margaret G. Halpern, Washington, D. C., for plaintiff-appellee.

Before WRIGHT, KENNEDY and FARRIS, Circuit Judges.

### PER CURIAM:

On May 4, 1981, the judges of this motion panel affirmed the district court's contempt order. We indicated that an opinion would follow.[1]

This appeal was taken under 28 U.S.C. § 1826 from a district court order holding MacKey, a defendant in a Sherman Act price-fixing case, in contempt for his refus-

---

1. Although the district court stayed its order of incarceration pending this appeal, this is nevertheless an appeal from an order of confinement under 28 U.S.C. § 1826(b) requiring disposition in 30 days.

2. We also note that not one but two district judges reached the same conclusion as to the relevancy of the documents. Prior to Mac-

Key's indictment, the documents were subpoenaed by the grand jury. MacKey moved to quash. The motion was denied by Judge Malcolm M. Lucas, who ordered production of the documents. Before MacKey could perfect an appeal from that ruling, he was indicted himself and the grand jury subpoena was with-

were sealed and made available to this court for perusal.

## THE FIFTH AMENDMENT CLAIM

█ The Fifth Amendment provides that no person shall be compelled to act as a witness against himself in a criminal case. This protects a defendant or witness only against production of evidence of a testimonial or communicative nature. *Schmerber v. California*, 384 U.S. 757, 761, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908 (1966); *see United States v. Euge*, 444 U.S. 707, 714, 100 S.Ct. 874, 879, 63 L.Ed.2d 141 (1980) (compelled production of handwriting exemplar not testimonial evidence protected by Fifth Amendment).

█ The compelled production of a physical object, such as a document, does not implicate the Fifth Amendment unless it is the act of production itself which is to be used as incriminating evidence. *See Andresen v. Maryland*, 427 U.S. 463, 473–74, 96 S.Ct. 2737, 2745, 49 L.Ed.2d 627 (1976) (compelling production of personal records may constitute forced authentication of incriminating information); *In re Fred R. Witte Center Glass No. 3*, 544 F.2d 1026, 1029 (9th Cir. 1976) (Kennedy, J., concurring).

█ While the Fifth Amendment will provide protection against forced production of documents in some situations, *see Bellis v. United States*, 417 U.S. 85, 87, 94 S.Ct. 2179, 2182, 40 L.Ed.2d 678 (1974), it is clear that the privilege is a *personal* one and may be asserted only by the person as to personal papers. *United States v. White*, 322 U.S. 694, 698–99, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944).

Thus, "... an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if these records might incriminate him personally." *Bellis v. United States*, 417 U.S. at 88, 94 S.Ct. at 2183. If the documents are found to be entity records as opposed to personal papers, the privilege will not apply.[3]

The few courts that have considered specifically whether documents are personal or corporate find that mixed documents are corporate and outside the privilege. *See United States v. Waltman*, 394 F.Supp. 1393, 1394 (W.D. Pa.), *vacated on other grounds*, 525 F.2d 371 (3d Cir. 1975) ("if this personal record [diary] was mingled with notations of a corporate nature, the document loses the cloak of protection and privilege guaranteed by the Fifth Amendment"); *In re Grand Jury Investigation*, 338 F.Supp. 1379, 1380 (W.D. Pa.1972) (desk calendar containing personal and corporate notations not protected by the Fifth Amendment); *United States v. American Radiator & Standard Sanitary Corp.*, 278 F.Supp. 608, 616 (W.D. Pa.1967) (personal entries on corporate records—appointment books, desk calendars, and diaries—do not confer immunity under the Fifth Amendment); *Brink v. DaLesio*, 82 F.R.D. 664, 668 (D. Md.1979) (references to personal events on a corporate calendar do not render it personal rather than corporate.

Against this background we examine the status of the diary and desk calendar subpoenaed here. MacKey argues that many of the characteristics that would normally point to a finding that the documents were corporate in nature are not shared by the diary and calendar. For example, they were not documents required by law to be kept for regulatory or tax purposes. *Cf. In re Grand Jury Proceedings (McCoy and Sussman)*, 601 F.2d 162, 168 (5th Cir. 1979). Moreover, they were kept only by MacKey and not by third persons as were the bank records in *In re Witness Before the Grand*

---

drawn. The instant rule 17(c) subpoena was then served and Judge Mariana R. Pfaelzer ordered production after another *in camera* review of the documents. This appeal followed.

**3.** *See, e. g., Hale v. Henkel*, 201 U.S. 43, 64 S.Ct. 1248, 88 L.Ed. 1542 (1906) (corporation); *United States v. White*, 322 U.S. 694, 26 S.Ct.

370, 50 L.Ed. 652 (1944) (unincorporated labor union); *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) (law partnership); *In re Grand Jury Proceedings (Barbara Hutchinson)*, 633 F.2d 754 (9th Cir. 1980) (trust).

*Jury (Barry S. Marlin)*, 546 F.2d 825 (9th Cir. 1976).

We recognize also that the diary and calendar were not submitted to the corporation for any purpose as was the diary in *United States v. Waltman*, 394 F.Supp. 1393 *supra*. Mackey emphasizes that the documents were not owned by the corporation or, strictly speaking, in the possession of the corporation. However, these factors are not controlling. *In re Fred R. Witte Center Glass No. 3*, 544 F.2d at 1028; *Grand Jury Empanelled*, 597 F.2d 851 (3d Cir. 1979).

Despite these and other indicia that might point to a conclusion that the documents were MacKey's personal papers, other facts persuade us that they are properly discoverable corporate papers. MacKey used the diary and calendar to record business meetings and transactions that he conducted as an executive of Beven-Herron, Inc.

The items were kept in his office there and used by him in the day-to-day management of the corporation. The fact that he also made some personal notations of a non-business nature is not sufficient to shroud them with the Fifth Amendment protection reserved only for purely personal papers. *See United States v. American Radiator & Standard Sanitary Corp.*, 278 F.Supp. at 616; *In re Grand Jury Proceedings (Samuel Moore)*, 349 F.Supp. 417 (N.D. Ohio 1972).

## THE RELEVANCY CLAIM

MacKey also challenges the subpoena on procedural grounds. He argues that the government did not make a sufficient showing of relevancy to justify use of the subpoena power provided by Fed.R.Crim.P. 17(c).

Our review begins with the recognition that a decision to enforce or quash a pretrial subpoena under Fed.R.Crim.P. 17(c) rests within the discretion of the district court and will be disturbed on appeal only where the action was clearly arbitrary or without support in the record. *United States v. Nixon*, 418 U.S. 683, 702, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974). Given this rather narrow standard of review, we have no difficulty in finding the district court's enforcement of the subpoena to be proper.

While we agree that a Rule 17(c) subpoena is not intended to serve as a discovery tool, *Bowman Dairy Company v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 678, 95 L.Ed. 879 (1951), or to allow a blind fishing expedition seeking unknown evidence, *see United States v. Brown*, 479 F.Supp. 1247, 1251 n.7 (D. Md.1979), the government has sufficiently demonstrated the relevancy of these subpoenaed documents.

The indictment charges MacKey with conspiring to rig prices and bids on construction projects. The diary and calendar were sought to establish that he did indeed meet with competitors and engage in discussions that the Sherman Act prohibits. Because the government has not yet seen the documents, it would be unreasonable to expect a more detailed connection be provided between the contents of the documents and the ultimate facts at issue in the case.

There is no claim here that compliance with the subpoena would be unduly burdensome or that the documents might not be admissible as evidence. The court's finding that they were relevant is not clearly erroneous and is supported by the record. The order holding MacKey in contempt is affirmed.[4]

---

4. The characterization of subpoenaed documents as personal or corporate has been aptly termed a mixed question or fact and law to which a clearly erroneous standard of review applies. *In re Grand Jury Proceedings (Martinez)*, 626 F.2d 1051, 1053 (1st Cir. 1980). In any event, because we agree with the district court's determination in this regard, affirmance is indicated.