IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10390
_____

IN RE: GRAND JURY PROCEEDINGS

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

(June 9, 1995)

Before KING, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:

The district court below determined that certain "daytimers" sought by the government in an ongoing grand jury investigation were properly characterized as corporate documents and hence beyond the purview of the Fifth Amendment privilege against self-incrimination. The appellants, John Doe I and John Doe II, are executives in a company which is the subject of an ongoing grand jury investigation into possible price fixing within a certain industry. The appellants filed a timely appeal to this court, contending that the daytimers were personal documents and therefore privileged by the Fifth Amendment. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

We have previously issued two unpublished opinions in connection with this case, No. 94-11133 (Feb. 6, 1995) and No. 95-10390 (May 8, 1995), both of which are to remain under seal until

such time as, in the discretion of the district court or this court, is necessary to prevent disclosure of matters relating to those proceedings.  In our second opinion, rendered May 8, 1995, we denied the appellants' request for a stay of the district court's order holding them in contempt for their failure to turnover certain daytimer calendars sought by the grand jury.  Following our denial of their motion for a stay, on May 11, 1995, appellants turned over their daytimers to the grand jury and purged themselves of their contempt.  Having now turned over the daytimers, the appellants seek review on the merits of the district court's turnover order; specifically, the appellants challenge the determination that the daytimers were corporate, not personal, documents and hence not privileged under the Fifth Amendment.  See Braswell v. United States, 487 U.S. 99, 113 (1988); United States v. White, 322 U.S. 694, 699 (1944).

## II.  STANDARD OF REVIEW

The question of whether the district court applied the correct legal standard in determining whether a given document is corporate or legal in nature is, of course, a question of law over which we exercise plenary review.  However, the parties agree that the determination of whether a particular document is corporate or personal is, by its very nature, a factual inquiry.  Accordingly, provided the district court has applied the correct legal standard, we may reverse its determination as to the corporate or personal nature of a given document only if it is clearly erroneous.  A

2

finding is clearly erroneous only if, viewing the evidence in light of the record as a whole, we are left with the "definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985); United States v. Yellow Cab Co., 338 U.S. 338, 342 (1949).

### III. ANALYSIS

The appellants argue that the district court clearly erred in finding that the daytimers in question were corporate documents. Specifically, appellants contend that the district court impermissibly placed dispositive emphasis on the nature of the documents rather than placing them in context of numerous relevant factors, including ownership, access, preparation, and use. Specifically, they argue that the district court should have used a multi-factor approach similar to that articulated in In re Grand Jury Subpoena Duces Tecum Dated Apr. 23, 1981, 522 F. Supp. 977 (S.D.N.Y. 1981), which they characterize as "the most cogent and thoughtful implementation of these factors . . . . "

It is apparent from the district court's opinion that it adopted a multi-factor approach analogous to that used in In re Grand Jury Subpoena Duces Tecum Dated Apr. 23, 1981, 657 F.2d 5 (2d Cir. 1981), the opinion which established the multi-factor approach used by the district court on remand in In re Grand Jury Subpoena

3

<u>Duces Tecum Dated Apr. 23, 1981</u>, 522 F. Supp. 977 (S.D.N.Y. 1981)--the case now contended by appellants to represent the correct legal standard.  The district court concluded that, unlike the pocket calendar deemed to be personal in <u>In re Grand Jury Subpoena Duces Tecum Dated Apr. 23, 1981</u>, 522 F. Supp. 977, 982-84 (S.D.N.Y. 1981), the appellants' calendars were more akin to the desk calendar and pocket diaries decreed to be corporate in <u>United States v. MacKey</u>, 647 F.2d 898 (9th Cir. 1981).  While the district court thought that the facts in <u>MacKey</u> were "more apposite" than the facts in <u>In re Grand Jury Subpoena Duces Tecum Dated Apr. 23, 1981</u>, it is nonetheless clear that, in determining whether the appellants' daytimers were corporate or personal in nature, the district court used a multi-factor balancing approach similar to that advocated by the appellants.

The question now squarely presented before this court is one of first impression in this circuit-- namely, whether the district court's use of a multi-factor balancing approach in determining whether a document is corporate or personal in nature is the correct legal standard.  We think so.

A multi-factor balancing approach attempts to answer the key question:  what is the essential nature of the document?  It attempts to answer this question in light of the entire context of the ownership, preparation and use of the document.  We agree with the Second Circuit that the following nonexhaustive list of criteria is relevant in this inquiry:  who prepared the document; the nature of its contents; its purpose or use; who possessed it;

4

who had access to it; whether the corporation required its preparation; and whether its existence was necessary to or in furtherance of corporate business. In re Grand Jury Subpoena Duces Tecum Dated Apr. 23, 1981, 657 F.2d at 8; accord United States v. Wujkowski, 929 F.2d 981, 984 (4th Cir. 1991).

Having agreed with the appellants' that the multi-factor approach is the correct legal standard to be applied in such cases does not end our inquiry. The appellants contend that, in applying the multi-factor standard, the district court clearly erred in its conclusion that the daytimers were corporate documents. Specifically, the appellants contend that the district court failed to take into account the statements made by appellants in their affidavits and relied upon evidence submitted by the government in camera without providing the appellants' an opportunity to test the veracity or credibility of such evidence.

The affidavits submitted by the appellants asserts that the appellants considered their daytimers to be personal documents, prepared and maintained primarily for personal aspects of their lives rather than for business purposes. Moreover, they argue that "the ratio of personal to business entries does not determine a document's essential nature," and that "an otherwise personal document is not transformed into a corporate document merely because it contains business-related entries . . . ." We agree that the determination of the essential character of a document does not hinge upon some magical percentage of personal versus corporate entries. However, this does not mean that the ratio of

personal to corporate entries is irrelevant. As a general rule, the greater proportion of personal entries, the more likely it is that the trier of fact could reasonably conclude that it was prepared, used, and maintained as a personal document. Conversely, the greater proportion of business-related entries, the more likely it is that the trier of fact could reasonably conclude that the document was prepared, used, and maintained as a corporate document. This is not to say, however, that other evidence regarding the preparation, use, and maintenance of a given document may not tilt the balance in the other direction. Indeed, a multi-factor approach to the determining the nature of a document requires a court to view all relevant factors in context, giving greater or lesser weight to a given factor as the quality or quantity of evidence demands.

In this case, the district court implicitly determined that the potentially self-serving affidavits of the appellants were not credible in light of other, more objective evidence. For example, the district court noted that, on their face, the daytimers contained primarily business-related entries. Our review of the daytimers confirms this impression as reasonable. The overwhelming majority of entries in these daytimers concern such things as employee bonuses and raises, staff meetings, business-related travel itineraries, car mileage, daily business "to do" lists, and summaries of meetings. In addition, we find it telling that John Doe I's daytimers for 1988, 1990, and 1991 contained a sheet which stated that, "if found," the daytimer should be returned to John

6

Doe I at his company address.[1]

The district court also noted that it was influenced by the evidence submitted by the government in camera.  Our review of this evidence indicates that it supports the district court's conclusion.  Because of the great need for continued secrecy in the grand jury investigation, the district court decided to receive this evidence in camera and we do not think that the district court's decision to proceed in this manner was an abuse of discretion.  Cf. United States v. Zolin, 491 U.S. 554, 572 (1989) (stating that, in context of determining the applicability of the crime-fraud exception to an assertion of the attorney-client privilege, "the decision whether to engage in in camera review rests in the sound discretion of the district court.").  The appellants had ample opportunity to provide any information to the district court which they believed supported their contention that the daytimers were personal documents and indeed, they submitted affidavits to that effect.  The appellants' essentially challenge the district court's credibility determination favoring the government's more objective evidence over their own affidavits. The appellants have proffered no evidence which suggests that the district court's credibility choice was an abuse of discretion and we therefore find this argument to be without merit.

In the totality of these circumstances, the district court's conclusion that the daytimers were prepared, maintained, and used

---

[1] This "if found" sheet was left blank in daytimers for the other years in question.

7

for business, not personal, purposes is not clearly erroneous.[2]

## IV.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2] Appellee has moved this court to impose sanctions pursuant to Rules 27(a) and 38 of the Federal Rules of Appellate Procedure, as well as 28 U.S.C. § 1912, on grounds that the appeal is wholly frivolous.

While appellee's motion presents an arguably close call, we decline to grant the motion as our opinion on the merits necessitates the pronouncement of a legal standard for which there was no prior precedent in this circuit.  Although the legal standard we ultimately adopt was favorably mentioned in our prior opinion denying the appellants' motion to stay the district court's order of contempt, No. 95-10390 (May 8, 1995), the appeal on the merits undoubtedly raised an issue of first impression and the appeal should therefore not be characterized as frivolous.

Accordingly, appellee's motion to impose sanctions is hereby DENIED.