**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Danica BETANCOURT, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Christine Granillo, aka Elizabeth Ojeda, Defendant–Appellant.**

Nos. 07–10251, 07–10278.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2008.

Filed May 6, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Patrick J. Walsh, Esq., Office of the U.S. Attorney, Lloyd George Federal Bldg., Las Vegas, NV, for United States of America.

Lisa A. Rasmussen, Esq., Watt Tieder Hoffar & Fitzgerald, LLP, Las Vegas, NV, for Danica Betancourt.

Kristina Wildeveld, Esq., The Law Offices of Kristina Wildeveld, Las Vegas, NV, for Christine Granillo.

Before: TROTT and THOMAS, Circuit Judges, and HOGAN *, District Judge.

## MEMORANDUM **

Defendant–Appellants, Danica Betancourt and Christine Granillo, pled guilty to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i). They appeal

---

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the district court's denial of their motion to suppress and grant of the government's motion to quash a subpoena. Betancourt appeals also her sentence. The parties are familiar with the facts so we proceed to the law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## 1. The Motion to Suppress

We review de novo the district court's denial of a motion to suppress evidence, and we review for clear error its factual findings. *United States v. Summers*, 268 F.3d 683, 686 (9th Cir.2001). Whether an officer had reasonable suspicion to detain a suspect is a mixed question of law and fact and is reviewed de novo. *United States v. Thomas*, 863 F.2d 622, 625 (9th Cir.1988).

The United States Supreme Court has emphasized that a fact-specific reasonableness inquiry is appropriate for Fourth Amendment questions. *See Ohio v. Robinette*, 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996). Therefore, we examine the "totality of the circumstances" surrounding the stop to determine whether the officers' conduct was reasonable. *Id.*

### A. The Initial Stop

█ Here, district court concluded that "[t]he only credible evidence before this Court is that the license plate light was burned out and that Trooper Owens observed it and made the stop." Because there is nothing in the record to create a "definite and firm conviction that a mistake has been committed," we too conclude that the initial stop was lawful. *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1128 (9th Cir.2008) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001)).

### B. After the Initial Stop

█ "[A]n officer effecting a lawful traffic stop may order the driver and the passengers out of the vehicle." *United States v. Williams*, 419 F.3d 1029, 1030 (9th Cir.2005). The officer may ask also for identification from the driver and the passenger. *United States v. Diaz-Castaneda*, 494 F.3d 1146, 1152 (9th Cir.2007). In addition, we have noted that in the course of a lawful traffic stop, an officer's inquiries about starting point, destination, and general travel plans are probably justifiable. *United States v. Chavez-Valenzuela*, 268 F.3d 719, 724–25 n. 4 (9th Cir. 2001), *abrogated on other grounds by Muehler v. Mena*, 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005). " '[M]ere police questioning does not constitute a seizure' unless it prolongs the detention of the individual, and, thus, no reasonable suspicion is required to justify questioning that does not prolong the stop." *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir.2007) (quoting *Muehler*, 544 U.S. at 101, 125 S.Ct. 1465).

We conclude that Officer Owens acted within his authority in asking Betancourt to exit the truck, in asking Granillo for her identification, and in speaking briefly with Granillo about the women's travel plans. Furthermore, we agree with the district court that Betancourt's statements were "voluntary statements" and thus did not unreasonably prolong the stop. *See id.* at 1079–80. We conclude also that Trooper Martin's interaction with Granillo, including the request to perform the pat-down, similarly did not unreasonably prolong the stop. *See id.* at 1080. Moreover, even if the stop was prolonged, the officers offered particularized, objective reasons for their aroused suspicion and any associated delay. *See Chavez-Valenzuela*, 268 F.3d at 724.

Viewing the "totality of the circumstances" surrounding the stop, the troopers' conduct was reasonable. We therefore affirm the district court's order denying Defendants' motion to suppress.

## 2. The Motion to Quash

"[A] decision to enforce or quash a pretrial subpoena under FED. R. CRIM. P. 17(c) rests within the discretion of the district court and will be disturbed on appeal only where the action was clearly arbitrary or without support in the record." *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir.1981).

The subpoena duces tecum "is not intended to provide a means of discovery for criminal cases." *United States v. George*, 883 F.2d 1407, 1418 (9th Cir.1989) (internal quotation marks omitted). To require production of documents prior to trial, the moving party must show that the documents are evidentiary and relevant, and that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699–700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

Nothing in the record allows us to conclude that the request was made as more than a mere fishing expedition. Furthermore, because the district court found that the initial stop was lawful, any argument that the requested information would demonstrate a pretextual stop is moot. Finally, we conclude that such a voluminous request to procure documents for one stop is unreasonable. *See* FED.R.CRIM.P. 17(c)(2). Because the district court's decision was not clearly arbitrary or without support in the record, we affirm its decision to quash the subpoena.

## 3. The Sentencing of Betancourt

We review de novo a district court's interpretation of the United States Sentencing Guidelines and for abuse of discretion its application of the Sentencing Guidelines to the facts of a case. *United States v. Alvarez–Hernandez*, 478 F.3d 1060, 1063 (9th Cir.2007).

Even when the requirements of § 5C1.2 of the Sentencing Guidelines are met, a district court must treat the Sentencing Guidelines as advisory. *United States v. Cardenas–Juarez*, 469 F.3d 1331, 1334 (9th Cir.2006). In this case, the district court did treat the Sentencing Guidelines as advisory. When specifically asked whether the court was treating the Sentencing Guidelines as mandatory or advisory, it responded, "I always treat them as advisory." Therefore, we conclude that district court did not err in sentencing Betancourt.

**AFFIRMED.**