NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ANTHONY LESTER, <br><br> Defendant-Appellant. | No.  16-10506 <br><br> D.C. No. <br> 1:14-cr-00236-DAD-BAM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California, Fresno
Dale A. Drozd, District Judge, Presiding

Argued and Submitted April 19, 2019
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and MÁRQUEZ,[**] District Judge.

Appellant Anthony Lester appeals his conviction pursuant to 18 U.S.C. §

1341 and 1956. We have jurisdiction under 28 U.S.C. § 1291.

1. District courts have broad discretion to enforce or quash a pretrial

subpoena under Federal Rule of Criminal Procedure 17(c) and their decisions "will

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

be disturbed on appeal only where the action was clearly arbitrary or without support in the record." *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981); *see also United States v. Nixon*, 418 U.S. 683, 702 (1974); *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984).

Lester has failed to demonstrate that the district court's decision to deny his pre-trial Rule 17(c) subpoena was either: clearly arbitrary or without support in the record. The district court denied Lester's pre-trial Rule 17(c) subpoena because it lacked specificity.[1] Lester failed to articulate the basis for his belief that the requested documents, including physical count adjustment reports, existed. "[A] Rule 17(c) subpoena is not intended to serve as a discovery tool, or to allow a blind fishing expedition seeking unknown evidence." *MacKey*, 647 F.2d at 901 (internal citation omitted).

Notably, Lester was in possession of a purported physical count adjustment report, and when Lester attached it to his post-trial Rule 17(c) subpoena application, the district court granted it because the application properly demonstrated that the sought-after documents existed. Lester's strategic decision to withhold documents, resulting in a denial of his pre-trial Rule 17(c) subpoena, does not render the district court's decision clearly arbitrary or without support in the

---

[1] We note that the district court denied Lester's pre-trial Rule 17(c) subpoena *without prejudice* and provided Lester with an opportunity to cure his deficiencies. Lester declined that opportunity.

2

record. The district court did not abuse its discretion by finding Lester failed to provide evidence that the documents he sought in his pre-trial Rule 17(c) subpoena existed.

2. We review for clear error Lester's claim that the district court erred by calculating his sentence without producing physical count adjustment reports. *See United States v. Bright*, 353 F.3d 1114, 1118 (9th Cir. 2004) (this Court reviews "for clear error the district court's factual findings with respect to monetary loss to victims"). Not only did the government present copious amounts of evidence that Lester engaged in theft, including testimony by an experienced financial analyst and bank records clearly establishing the flow of money out of the victim's account and into Lester's account, Lester severely exaggerates the probative value of a physical count adjustment report.

After his trial, Lester disclosed multiple physical count adjustment reports that had not been previously disclosed and attempted to move for a new trial based on those "newly discovered" documents. Those documents list item numbers and amounts, but there is no indication that the reports reflect inventory purchased by Lester. Nor has Lester made such a showing, as those "newly discovered" documents were never authenticated, introduced at trial, or presented to witnesses.

The district court did not clearly err by relying upon the abundant evidence presented at trial indicating Lester's theft and, moreover, "[t]he court need not

make its loss calculation with absolute precision; rather, it need only make a reasonable estimate of the loss based on the available information." *United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007).

3. The district court did not err when it denied Lester's motion for a new trial. "A district court's denial of a new trial motion based on alleged *Brady* violations is reviewed de novo." *United States v. Antonakeas*, 255 F.3d 714, 725 (9th Cir. 2001); *see Brady v. Maryland*, 373 U.S. 83, 87 (1963). "To prevail on a *Brady* claim, the defendant must show that (1) the evidence was exculpatory or impeaching; (2) it should have been, but was not produced; and (3) the suppressed evidence was material to his guilt or punishment." *Id.* (footnote omitted) (quoting *Paradis v. Arave*, 130 F.3d 385, 392 (9th Cir. 1997)). "[T]he prosecution has a duty to learn of any exculpatory evidence known to others *acting on the government's behalf*." *Carriger v. Stewart*, 132 F.3d 463, 479-80 (9th Cir. 1997) (emphasis added).

Lester provided no evidence, pre-trial, that physical count adjustment reports existed or that the government was aware of the existence of such documents. More importantly, the physical count adjustment reports Lester introduced post-trial were neither exculpatory nor impeaching, and Lester therefore failed to establish a *Brady* violation. The district court did not abuse its discretion in denying Lester's motion for an evidentiary hearing.

Additionally, the government's statement in rebuttal closing that no other physical count adjustment reports existed, to which Lester did not object contemporaneously, was not plain error.

**AFFIRMED.**