**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACOB ISRAEL STRONG, AKA Jacob
Israel Guill,

Defendant - Appellant.

No. 23-1780

D.C. No.
9:22-cr-00028-DLC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 20, 2024[**]
Portland, Oregon

Before: CHRISTEN and NGUYEN, Circuit Judges, and EZRA, District Judge.[***]

Jacob Strong appeals his conviction following a jury trial for international

parental kidnapping in violation of 18 U.S.C. § 1204(a). We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

under 28 U.S.C. § 1291, and we affirm.

1. Strong argues that the district court violated his constitutional right to present a defense when it denied his application for a pretrial subpoena seeking his son's medical records.[1]

We review a court's decision to deny an application for a pretrial subpoena under Federal Rule of Criminal Procedure 17(c) for abuse of discretion. *United States v. Mackey*, 647 F.2d 898, 901 (9th Cir. 1981). "The Supreme Court has made it clear that a party seeking production of materials under a Rule 17(c) subpoena must demonstrate to the court '(1) relevancy; (2) admissibility; [and] (3) specificity.'" *United States v. Sleugh,* 896 F.3d 1007, 1012 (9th Cir. 2018) (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

The district court did not abuse its discretion in denying Strong's application because Strong failed to present any explanation for why the records were relevant, what records he wanted, and how they would be admissible. On appeal, Strong relies primarily on his own trial testimony to demonstrate that he was concerned about his son's safety. Strong does not dispute, however, that his bare-bones application failed to articulate the relevancy of his son's medical records to his

---

[1] The parties dispute whether the affirmative defense under § 1204(c)(2)—that the defendant was "fleeing an incidence or pattern of domestic violence"—requires a showing of domestic violence against the child or whether abuse of the defendant alone is sufficient. We do not decide that issue here, because Strong did not meet the Rule 17 requirements under either theory.

defense. Therefore, he failed to meet the requirements for the issuance of the subpoena.

2. Strong alternatively argues that his trial counsel was ineffective by failing to explain the need for his son's medical records, and because the application for the Rule 17(c) subpoena was submitted ex parte, "no strategic reason could have exited for counsel to have withheld" such information.

"Claims of ineffective assistance of counsel are generally inappropriate on direct appeal." *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000). Because the record is insufficient "as to what counsel did, why it was done, and what, if any, prejudice resulted," *Id.* (citing *United States v. Pope*, 841 F.2d 954, 958 (9th Cir. 1988)), we decline to decide this issue on direct appeal.

**AFFIRMED**.