NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JAMES PATRICK BURNS, Defendant - Appellant. | No. 24-4599 D.C. No. 3:21-cr-046-MMD-CSD MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted October 10, 2025
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

James Patrick Burns was convicted of sexually exploiting eight minor

victims. Evidence linked Burns to the exploitation of many other unidentifiable

minor victims. Burns now appeals his conviction on 21 counts under 18 U.S.C.

§§ 2251(a), (d)(1)(A), and (e); 18 U.S.C. § 2242(b); and 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§§ 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2).  He also appeals his 65-year sentence and supervised release conditions.  We affirm.

1.      We review the district court's evidentiary rulings, denial of a Federal Rule of Criminal Procedure 17(c) subpoena request, and denial of a trial continuance motion for abuse of discretion.  *See United States v. Jackson*, 845 F.2d 880, 884 (9th Cir. 1988); *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) (per curiam); *United States v. de Cruz*, 82 F.3d 856, 860 (9th Cir. 1996).  We review de novo the asserted violation of a defendant's Sixth Amendment rights to compulsory process and to present a defense.  *United States v. Bahamonde,* 445 F.3d 1225, 1228 n.2 (9th Cir. 2006).

We conclude that the district court did not abuse its discretion by excluding errant Snapchat records as "not [] relevant" and prejudicial under Federal Rules of Criminal Procedure 401 and 403.  The district court's ruling did not rest on the authenticity of the records, but rather on whether Snapchat's initial production, which Snapchat later determined to have been made in error, would confuse or mislead the jury.  The court reasonably determined that the erroneous records would be "too confusing to the jury," and were no longer "relevant based on [Snapchat's] amended response."

2.      We find no abuse of discretion with the district court's denials of Burns's subpoena and trial continuance requests.  The district court thoroughly

considered the evidence raised by Burns on multiple occasions and reasonably concluded that his subpoena requests lacked the requisite specificity. Rule 17(c) is "not intended" to function "as a discovery device," *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984), "or to allow a blind fishing expedition seeking unknown evidence," *MacKey*, 647 F.2d at 901.

Likewise, the court did not abuse its discretion when it found that the *Flynt* factors weighed against granting a trial continuance. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)). The district court reasonably determined that a trial continuance was unlikely to be useful given the lack of factual support for Burns's Norway theory, the minor victims' potential to suffer further hardship, and Burns's lack of prejudice since he was unable to successfully subpoena one of the minor victim's devices even after repeated attempts. Burns does not explain how he would have further tailored his subpoena request to satisfy Rule 17(c)'s requirements, and his inability to obtain the subpoena before trial did not prejudice him as he had over two years to attempt to uncover "traces" of involvement by another person.

3. Burns was not denied his Sixth Amendment rights to compulsory process and to present a complete defense when the district court excluded the errant Snapchat records and denied his requests for a subpoena and a trial continuance. Burns was not denied a defense. The district court permitted Burns

to call and question Snapchat's custodian of records at trial, but he declined to do so. Burns was able to advance his alternate perpetrator argument through other evidence, cross-examination of government witnesses, and closing statements. Because there was no underlying error and Burns advanced his defense with other evidence, Burns cannot satisfy the threshold for showing constitutional injury. *See Cudjo v. Ayers*, 698 F.3d 752, 763 (9th Cir. 2012).

4.      Burns contends that the district court abused its discretion when it did not replace jurors who became emotional during trial testimony. *See United States v. Alexander*, 48 F.3d 1477, 1485 (9th Cir. 1995). We disagree. The district court credited a juror's statement that she would be able to follow the testimony and evidence and could continue to serve as a fair and impartial juror. Burns identifies no evidence in the record that suggests any juror could not be impartial.

5.      We find no merit to Burns's assertion of other trial errors committed by the district court. Because Burns has no expectation of privacy in the third-party subscriber information he voluntarily provided to TikTok, and this information provided the basis to search his home, the district court did not err in declining to suppress search warrant evidence. *United States v. Rosenow*, 50 F.4th 715, 738 (9th Cir. 2022).

The district court reasonably determined that Detective Harris had the qualifications to be a forensics expert in light of his specialized training and the

verification procedures he employs. Harris testified to the multiple certificates he holds in operating investigative tools, the industry-standard certification he holds in forensic examinations, and the methods he employs to verify the results of each tool. Ample evidence thus supported Detective Harris's qualifications.

We review Burns's contention of prosecutorial misconduct in closing argument for plain error. *See United States v. Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012). Relying on testimony from Burns's ex-wife that she had never known Burns to be interested in fishing, the prosecutor speculated in closing about the meaning of Burns's computer password, "Fishing007." We find no plain error in the district court allowing this argument. *See United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997) ("[T]he prosecution is allowed to argue reasonable inferences based on the evidence").

6.      As for cumulative error and sufficiency of the evidence, Burns has not shown any error and thus is not entitled to relief. Ample evidence at trial supported Burns's conviction for his offenses. The government presented extensive evidence recovered from Burns's computers; testimony from forensic analysts who examined Burns's devices; and testimony from six of the minor victims. Trial evidence showed that Burns's password-protected devices had child sexual abuse material, that Burns's IP address was connected to the perpetrator's TikTok account during the relevant periods of abuse, and that the user of Burns's

devices edited and uploaded videos received from the minor victims.  The government is not required "to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or 'rule out every hypothesis except that of guilt beyond a reasonable doubt.'"  *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).  We find that the jury had more than enough evidence to convict Burns.

7.    Finally, Burns challenges his sentence and supervised release conditions.  We review Burns's sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 56 (2007), and the constitutionality of supervised release conditions de novo, *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).  We conclude the district court did not err when it imposed a below-guidelines sentence of 65 years and computer monitoring supervised release conditions.

Burns's below-guidelines sentence is presumptively substantively reasonable.  *Gall*, 552 U.S. 38 at 51.  The comparator cases cited by Burns are distinguishable because those defendants either had no criminal history, showed contrition, were far younger than Burns, or cooperated with the government.  The district court described Burns's case as "an outlier case," and sentenced Burns accordingly.

Burns's sentence was also procedurally reasonable. The district court's "duty to explain," *United States v. Emmett,* 749 F.3d 817, 820 (9th Cir. 2014), and duty to address "nonfrivolous argument[s]," *United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc), were discharged when it explained its reasons for Burns's sentence.

Finally, we find no merit to Burns's challenge to his supervised release conditions. Unlike the conditions in *United States v. Wells*, 29 F.4th 580 (9th Cir. 2022), Burns's conditions pertain only to devices on which a probation officer can install computer monitoring software, thereby limiting their reach. *See id.* at 588–89. Accordingly, Burns's supervised release conditions are not vague and were lawfully imposed.

**AFFIRMED.**